By the Court.
The plaintiffs in error are the joint board of commissioners of the counties of Putnam and., Allen, and the ' petitioners for the establishment and construction of a ditch. The defendants in error are persons whose property it was proposed to take for the construction of the ditch. The case having been determined by the commissioners in favor of the petitioners, the owners took an appeal under the statute to the probate court, the appeal involving the question whether the proposed ditch will be conducive to the public health, convenience and welfare. The owners of the property were called the plaintiffs and the probate judge instructed the jury that upon the question just stated the burden was upon them to prove that the ditch would not be so conducive. For giving that instruction the court of common pleas reversed the judgment of the probate court upon a petition in error there filed by the owners, and the judgment of reversal rendered by the court of common pleas was affirmed in the circuit court. For reasons which are elementary and obvious the instruction was erroneous. The general rule is that the burden is upon him who asserts the affirmative, and the affirmative proposition that the proposed ditch will be conducive to the public health, convenience and welfare was encountered at the threshold of the *236 case. The rule that the burden of proof is upon him who asserts the affirmative applies with especial force in a case of this character because the question stated involved the constitutional right of the public to take the property 'of the defendants in error.
It is true, as suggested by counsel for plaintiff in error, that Section 4464, Revised Statutes, provides that in such a case the appellant shall be plaintiff and the commissioners and petitioners defendants. But the provision does not affect the question here presented, for while most frequently the burden of proof is upon the plaintiff that is, only because it most frequently happens that he is asserting the affirmative. But the obligation of the petitioners to show that a case was presented for the exercise of the right of eminent domain was upon the petitioners for the ditch at all stages of the inquiry respecting the facts involved, whether that inquiry was conducted before the commissioners or the probate judge.

Judgment affirmed. ■

Summers, C. J., Crew, Spear, Davis, Shaucic and Price, JJ., concur.